# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO., <br><br> Plaintiff, <br><br> vs. <br><br> PACIFICA AMBER TRAIL, LP; PACIFICA COMPANIES, LLC; and PACIFICA RED CEDAR SEQUOIA, LLC, <br><br> Defendants. | CASE NO. 11CV0336-LAB (WVG) <br><br> **ORDER DENYING MOTION TO DISMISS OR STAY** |

## I.  Introduction

On August 31, 2005, Pacifica bought an apartment complex with the intention of converting the units into condominiums. That same day, AISLIC issued to Pacifica an excess insurance policy. The policy provides $20 million of coverage to Pacifica, per occurrence and in the aggregate, but only after Pacifica has paid $2 million toward a covered loss. On May 31, 2011, after the units had been converted into condominiums, the homeowners' association (HOA) filed a lawsuit against Pacifica in Alameda County Superior Court alleging various construction and maintenance defects. The question in this case is whether AISLIC has a duty to defend or indemnify Pacifica in that action. Specifically, AISLIC seeks a declaratory judgment that "the AISLIC Policy does not provide coverage to Pacifica for the claims asserted by the Association" and "[t]hat AISLIC is under no obligation

to pay any judgments, damages, costs or expenses that are associated with or arise out of the Association's claims, or to indemnify Pacifica for any such amounts." (Dkt. No. 1 at 6.) Now before the Court is Pacifica's motion to either dismiss or stay AISLIC's request for a declaratory judgment.

Pacifica concedes, appropriately, that the Court has jurisdiction over the matter. Its argument for a dismissal or stay is that AISLIC's coverage obligations necessarily turn on what happens in state court:

> Pacifica requests that this court either dismiss this action entirely or, in the alternative, stay the declaratory relief action because: (1) the action predominantly revolves around state law factual issues that will necessarily be decided in the state court action; (2) failure to dismiss or stay this action raises the likelihood of inconsistent factual determinations and conflicting decisions between the state and federal court; and (3) failure to dismiss or stay will prejudice Pacifica's defense in the underlying action.

(Dkt. No. 9 at 1.) AISLIC's response is that there is no overlap between this action and the HOA's action in state court, and the matters can therefore be separately and independently adjudicated. AISLIC argues it has no duty to defend or indemnify Pacifica for the State Action because the Association's claims – *whether meritorious or not* – are by their very nature not covered under the Policy." (Dkt. No. 11 at 1.)

## II.     Legal Standard

AISLIC brings its request for a declaratory judgment under the Declaratory Judgment Act, which provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  The word "may" is important; the Court can, in its discretion, dismiss or stay AISLIC's request for a declaratory judgment and simply wait for the case against Pacifica in state court to play out. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

In *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), the Supreme Court identified three factors for courts to consider in deciding whether to entertain a declaratory judgment action: (1) avoiding needless determination of state law issues; (2)

discouraging forum shopping; (3) and avoiding duplicative litigation. *See R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011). "The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). In insurance coverage disputes in particular, nothing bars an insurer from "bring[ing] a declaratory judgment action against an insured on an issue of coverage." *Id.* But, this assumes that "the coverage issue in the federal action [is] not contingent on any further state court proceedings." *Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). In an alternative scenario, "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d at 1225.

AISLIC attributes to Pacifica the position that "for the purposes of abstention, an insurance coverage action is automatically 'parallel' to an action concerning the insured's liability to a third party." (Dkt. No. 11 at 2.) That's obviously untrue, but it's also an oversimplification of Pacifica's position, just as it would be an oversimplification to say that AISLIC's position is that insurance coverage disputes and liability disputes are inherently separate. The question here, really, is whether AISLIC's coverage obligations to Pacifica could turn in any way on the outcome of the HOA's court action against Pacifica. If so, the Court should either dismiss or stay AISLIC's request for a declaratory judgment.

AISLIC says its coverage obligations cannot conceivably turn on what happens in state court: "[T]he Association's claims are for contractual, economic losses, which fall categorically outside the scope of the Policy's general liability coverage." (Dkt. No. 11 at 1.) Pacifica takes the opposite position: "[L]itigation of this [coverage] matter would necessarily require discovery and resolution of factual issues which are at issue in a related state court construction defect matter." (Dkt. No. 9 at 1.)

### III.    State Court Action

The HOA's lawsuit against Pacifica alleges construction defects in the conversion of the apartment complex to condominium units. It attributes those defects to deficiencies not

only in their construction, but also in their design, planning, development, manufacture, installation, supervision, and improvement — to the extent those imply different acts in between the conceptualization of the project and its present state. (Compl. ¶¶ 12, 14, 20.) The HOA also alleges that Pacifica *knew* of the condominiums' defects:

> Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, did inspect and market sold condominium units with full knowledge of the causes and effects of defects in the construction of the Condominium Development, the deficiencies in design, installation, and supervision thereof and, in willful and reckless disregard of the defective conditions, causes and results. In particular, Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, in the inspection, design, installation and supervision of Condominium Development, engaged in a calculated course of conduct to reduce the costs of development by the use of substandard, deficient and inadequate design, and construction techniques and materials and/or inadequately established and/or funded the Association's reserve accounts to lower the assessments levied thereon to make the condominium units more attractive for sale.

(Compl. ¶ 16.) The HOA seeks damages related to repair and restoration costs, damages to the real property, diminution in value, lost or diminished rental income, and relocation costs. (Compl. ¶ 21.)

**IV.   Insurance Policy**

The insurance policy AISLIC issued to Pacifica is a general liability policy. It covers claims for property damage caused by an "occurrence":

> We will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages by reason of liability imposed by law because of . . . Property Damage . . . to which this insurance applies.
>
> This policy applies, only if . . . Property Damage is caused by an Occurrence that takes place anywhere.

(Weinstein Decl., Ex. A at 4.) The policy later defines an "Occurrence " as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* at 23.)

**V.   Discussion**

The question for the Court is whether AISLIC's coverage obligations can be sorted out independently of the adjudication of the HOA's claims against Pacifica in state court. If

they can, there is no reason to dismiss or stay AISLIC's request for a declaratory judgment. If, however, AISLIC's coverage turns on factual issues that are in dispute in state court, a dismissal or stay of the request is appropriate. *See Am. States Ins. Co. v. Canyon Creek*, 786 F.Supp. 821, 824–25 (N.D. Cal. 1991) ("To decide whether coverage exists under the applicable policies, the Court merely must determine whether the allegations in the complaints in the state court actions, *even if accepted as true*, give rise to coverage under the policies at issue."); *Allstate Ins. Co. v. Huerta*, 2006 WL 2655239 at *3 (E.D. Cal. Sept. 13, 2006) ("The extent of coverage does not depend on whether defendants are found liable in the underlying action. The declaratory judgment action simply seeks a determination as to whether the allegations in the underlying action are of the nature intended to be covered by the insurance policy.").

This question appears to be lost on Pacifica at various places in its briefing. For example, in its opening brief, Pacifica argues that it is "extraordinarily prejudicial to Pacifica to have to prove coverage by showing that it is liable for property damage, while at the same time strongly resisting such allegations in the State action." (Dkt. No. 9 at 8.) That confuses the issue. Pacifica doesn't have to show that it is actually liable for property damage in order to defeat AISLIC's request for a declaratory judgment. It just has to show the claims asserted against it by the HOA, true or false, fall within the scope of AISLIC's coverage obligations under the insurance policy. The issue here is whether the HOA's claims against Pacifica, *if* true, entitle Pacifica to coverage under the policy issued by AISLIC. The issue is not whether the HOA's claims actually are true.

Pacifica also repeatedly engages AISLIC's argument that the HOA's claims against it "are for contractual, economic losses, which fall categorically outside the scope of the Policy's general liability coverage." (Dkt. No. 11 at 1.) This is a curious strategy; Pacifica's argument should be that AISLIC's coverage obligations are indeterminate so long as the HOA's claims are pending against it in state court. The more Pacifica engages AISLIC's arguments that the HOA's claims are by their nature excluded from coverage, the more it gives the Court the impression that AISLIC's request for a declaratory judgment can be

resolved now and needn't be dismissed or stayed. For example, in its opening brief, Pacifica argues that "the allegations in AISLIC's complaint clearly establish the possibility that there <u>are</u> covered damages in excess of the retention, for which AISLIC will be liable." (Dkt. No. 9 at 5.) And Pacifica devotes an entire section of its reply brief to AISLIC's coverage argument, opening with the assertion that "[e]ven a cursory review of the complaint in the State Action reveals potential coverage triggering AISLIC's duty to defend." (Dkt. No. 13 at 4–8.) If Pacifica is prepared to argue now that AISLIC's request for a declaratory judgment is specious, then presumably there is no need to dismiss or stay that request. Where Pacifica does advance the right argument — that AISLIC's coverage obligations are indeterminate absent a resolution of the HOA's claims in state court — it does so in a manner that is completely conclusory, failing to explain how different factual findings below could result in different coverage determinations in this matter.[1] (*See* Dkt. No. 13 at 3-4.)

On the other side, AISLIC makes a compelling argument that the coverage dispute it presents is a *pure* dispute: the damages the HOA seeks are for contractual, economic losses, and those, as a matter of law, simply fall outside the scope of the general liability policy's coverage. (Dkt. No. at 4–7.) For the purposes of the present motion, the Court' doesn't have to decide whether AISLIC is ultimately right on this question; it just needs to accept that its request for a declaratory judgment presents a coverage question and nothing more. If it does, Pacifica's present motion should be denied. *Canal Indemnity Corp. v. Adair Homes, Inc.*, Case No. 09-CV-5561, 2010 WL 3021874 at *3 (May 30, 2007) (W.D. Wash. July 28, 2010) ("The declaratory judgment action is not dependent upon proof of facts or the outcome of the underlying litigation, but seeks to have this Court interpret and enforce the

---

[1] For example, Pacifica argues that "[w]hether the underlying claims 'categorically are not covered' . . . obviously depends on an analysis of the facts alleged in the underlying action concerning, for example, the nature of the property damage, what caused the damage, who was responsible, and when did the damages occur." (Dkt. No. 13 at 2.) It doesn't develop that argument at all, however. It doesn't explain, for example, that if the nature of property damage is X, it is entitled to coverage, whereas if the nature is Y, it is not entitled to coverage. Moreover, the state proceeding isn't some kind of general investigation into the alleged construction defects of the property. It is a test of the specific claims made by the HOA, and those claims allege what the nature of the property damage is, what caused the damage, and so forth. It's AISLIC's position that, even assuming those allegations are true, it needn't provide coverage under the policy.

1 Canal policy provisions and exclusions as a matter of law."); *see also Century Surety Co. v. 350 W.A., LLC*, Case No. 05-CV-1548, 2007 WL 1574754 at *3 (S.D. Cal. May 30, 2007) ("Plaintiff's claim that it is not obligated to defend and indemnify Defendant 350 is based on the terms and conditions of the policy and exclusionary provisions therein. These coverage issues are independent of the liability issues in the pending state action.").

But AISLIC's argument, articulated chiefly in its brief opposing Pacifica's motion for dismissal or a stay, is compromised by its opening complaint. That complaint, in several places, ties AISLIC's coverage obligations to matters of fact that will necessarily be resolved in state court. First, AISLIC argues that many of the structural defects identified by the HOA "appear, on their face, to have predated Pacifica's ownership and conversion of the Property." (Dkt. No. 1 at ¶ 16.) "These issues," it continues, "represent the normal and expected depreciation of a property built more than twenty years ago. These issues have nothing to do with property damage caused by Pacifica's work." *Id*. AISLIC, unfortunately, doesn't cite to specific portions of the HOA's complaint against Pacifica, but it is far from obvious to the Court that the HOA is seeking damages for typical depreciation. That is, more likely, a potential defense that Pacifica will raise in state court on the question of liability for the causes of action asserted against it. If it were obvious that all of the HOA's claims arose out of the depreciation of the property, then the Court could easily conclude that: (1) AISLIC's coverage obligations could be evaluated independently of any liability issues; and (2) AISLIC has no coverage obligations as a matter of law. That is not obvious, however.

Second, AISLIC argues that "[o]ther issues identified by the Association fall within the Policy's exclusions or limitations from coverage." (Dkt. No. 1 at ¶ 18.) For example, Endorsement No. 20 excludes coverage for damages that, in AISLIC's words Pacifica "knew . . . had occurred, in whole or in part." Pacifica's knowledge of the construction defects, though, is a *factual* allegation that is central to the HOA's complaint. (*See, e.g.*, Compl. ¶ 16, 17, 36, 37.) The Court cannot apply Endorsement 20 as a matter of law before

the question of Pacifica's knowledge has actually been adjudicated in state court.[2]

Third, AISLIC claims that "the potentially covered damages at the Property (if any) did not appear likely to exceed the $2 million amount of the Policy's Self-Insured Retention." (Dkt. No. 1 at ¶ 20.) The HOA's complaint does not specify a damages amount, and the Court cannot predict with any kind of certainty whether the damages Pacifica will owe, if any, will exceed $2 million. This is factual question to be resolved in the state proceedings, and the Court cannot adjudicate a coverage dispute that turns on its resolution. It would be different if the complaint explicitly sought damages in an amount less than $2 million. Then, even assuming the HOA's claims to be meritorious, AISLIC could successfully argue that it has no coverage obligations. But when the damages amount is up in the air in the state proceedings, and the coverage issue presented by AISLIC's request for a declaratory judgment turns on it, there is a strong case for dismissing or staying the latter.

AISLIC does make two coverage arguments that, in the Court's judgment, are *not* tied to factual determinations below. The first is that, as a matter of law, the property damage alleged by the HOA — essentially, construction defects — was not caused by an "Occurrence" as Pacifica's policy defines that term. (Dkt. No. 1 at ¶ 17.) At least one other court has heard a request for declaratory judgment (and granted summary judgment) on precisely this issue. *See Allstate Ins. Co. v. Chaney*, 804 F.Supp. 1219 (N.D. Cal. 1992). Pacifica argues that "whether the repairs done by Pacifica were an 'accident' . . . is at issue in the State Action because the HOA alleges that Pacifica failed to repair 'property damages and deficiencies' resulting in 'cosmetic, temporary or ineffective repairs . . . for the purpose of leading Plaintiff and its members to believe that Defendants were resolving and correcting

---

[2] The Court questions, however, whether AISLIC is even right to imply that if Pacifica knew of certain damages, those are excluded or limited from coverage under Endorsement 20. That Endorsement, as the Court reads it, bars coverage of property damage that the insured knew had occurred *prior to the policy period*. (Weinstein Decl., Ex. A at 50.) Here, the policy was issued on the day that Pacifica's closed on the property, and the HOA's claims appear to arise out of construction work that Pacifica undertook, once it owned the property, in converting the apartments into condominiums. The point remains, though, that the application of Endorsement 20 turns on the extent, if any, of Pacifica's knowledge of the alleged property damage, and that is a factual issue that must be resolved in state court. The Court can't resolve it on the pleadings alone.

all deficiencies." (Dkt. No. 9 at 8.) But as the Court reads the complaint and the HOA's claims, they do not allege that the construction defects were accidental, and the resolution of the claims does not require resolution of the factual question whether they were accidental. Assuming the claims against Pacifica are meritorious, the Court is confident it can resolve the question whether they arise out of some "Occurrence" within the meaning of the policy, and accordingly, whether AISLIC has coverage obligations to Pacifica.

The second coverage argument that, in the Court's judgment, is not tied to any underlying liability question is AISLIC's argument that Endorsement 23 of the policy precludes coverage. Endorsement 23, a "Professional Liability" exclusion, provides that "[t]his insurance does not apply to any liability arising out of any act, error, omission, malpractice or mistake of a professional nature committed by the Insured or any person for whom the Insured is legally responsible." (Weinstein Decl., Ex. A at 61.) The application of Endorsement 23 is "not dependant upon proof of facts or the outcome of the underlying litigation." *Adair Homes*, 2010 WL 3021874 at *3. Pacifica argues, again in a conclusory manner, that exclusions like Endorsement 20 are "a significant source of factual overlap with the State Action," but the Court fails to see what factual issue needs to be decided below before the application of the "Professional Liability" exemption can be determined. (*See* Dkt. No. 9 at 8.)

**VI.    Conclusion**

Pacifica's motion to dismiss or stay AISLIC's request for a declaratory judgment is **DENIED**. The Court finds that this case is sufficiently similar to *Century Surety*, *Adair Homes*, and *Chaney*, all of which entertained coverage issued raised by an insurer that were not dependent on liability questions pending in state court. Pacifica fails to explain with sufficient clarity how the coverage arguments raised by AISLIC turn on specific factual questions to be resolved below, and seems prepared, anyway, to meet AISLIC's coverage arguments head-on. That being so, the Court finds that adjudicating the coverage issue will not require needless determination of state law issues or duplicative litigation such that consideration of the *Brillhart* factors counsels against retention. The Court's willingness to

1  entertain AISLIC's request for declaratory judgment does not, of course, imply a particular
2  ruling on the coverage question. That remains to be fully briefed and argued. If, when it is
3  argued, it becomes clear that coverage issues cannot be resolved independently of liability,
4  then AISLIC's request for declaratory judgment will be denied.

5  **IT IS SO ORDERED**.

6  DATED: November 9, 2011

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge