# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO., <br><br>   Plaintiff, <br><br> vs. <br><br> PACIFICA AMBER TRAIL, LP; PACIFICA COMPANIES, LLC; and PACIFICA RED CEDAR SEQUOIA, LLC, <br><br>   Defendant. | CASE NO. 11CV0336-LAB-WVG <br><br> **ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE** |

## I. Introduction

On August 31, 2005, Pacifica bought an apartment complex that it planned to convert into condominiums, and it took out an excess insurance policy with AISLIC. The policy provided $20 million of coverage to Pacifica, per occurrence and in the aggregate, but only after Pacifica has paid $2 million toward a covered loss. Some time later, after Pacifica had converted the complex, the homeowners' association filed a lawsuit against Pacifica in state court alleging construction and maintenance defects. Pacifica in December 2010 tendered the underlying lawsuit to AISLIC, which filed this action on February 17, 2011, seeking a declaratory judgment that it did not have a duty to defend or indemnify Pacifica under the policy.[1]

---

[1] AISLIC's complaint does not say specifically that Pacifica had tendered the lawsuit when it filed this action, but does say that Pacifica "demanded that AISLIC participate in any settlement above $2 million, regardless of the application of the Policy's terms, conditions, exclusions and limitations to some (or all) of the settled claims." (Compl., Dkt. No. 1 at ¶ 21.) Pacifica confirms in its Memorandum of Points and Authorities that

Initially Pacifica moved to dismiss or stay this action, arguing that AISLIC's coverage obligation was intricately intertwined with the outcome of the HOA's lawsuit in state court and that the Court should let that lawsuit play out. The Court denied Pacifica's motion, finding that the coverage dispute could be resolved independently.

Pacifica and the HOA settled in late 2012, at which point Pacifica notified AISLIC that it would withdraw its tender of the lawsuit. Now, with no pending demand that AISLIC participate in the HOA's lawsuit or settlement, Pacifica argues that this declaratory judgment action is moot and should be dismissed. Pacifica has not, however, formally released any claim under the policy, and AISLIC wishes to proceed with this case because it fears Pacifica will pursue coverage related to the settlement in another forum. The issue before the Court is whether, given Pacifica's withdrawal of its tender of the HOA's lawsuit, there is still a case or controversy giving the Court jurisdiction under the Declaratory Judgment Act and Article III of the Constitution.

## II.  Discussion

Pacifica cites two insurance cases like this one in which a district court dismissed as moot a declaratory judgment action after the insured withdrew its tender without foreclosing the possibility of reasserting the claim in the future. *See State Farm Mut. Auto. Ins. v. Ormstron*, 550 F. Supp. 103 (E.D. Pa. 1982); *Unigard Ins. Co. v. Cont'l Warehouse*, No. C–00–4279 WHO, 2001 WL 432396 (N.D. Cal. 2001). Pacifica also argues that courts may not prospectively issue declaratory judgments for disputes that may or may not arise, a proposition for which there is substantial authority. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (affirming that courts may not issue advisory opinions); *Calderon v. Ashmus*, 523 U.S. 740, 746-47 (1998) (concluding that the court was without jurisdiction to issue declaratory judgment on an abstract question of law that may arise if the plaintiff pursued a habeas petition); *Headwaters, Inc. v. Bureau of Land Management*, 893 F.2d 1012, 1015-1016 (9th Cir. 1990) (holding that, though the declaratory judgment could be relevant to

---

it had tendered the lawsuit to AISLIC before AISLIC filed this action for declaratory judgment. (Dkt. No. 45-1 at 2.)

future logging transactions, the court lacked jurisdiction to issue a declaratory judgment regarding the regulations for a logging site when all the timber in the area in question had been removed). As the Court sees it, *Ormstrom* and *Unigard* are determinative here.

In *Ormstrom*, an insurance company sought a declaratory judgment that the insured was not entitled to recover under an insurance policy. 550 F. Supp. at 104. The insured disagreed and demanded arbitration, but later notified the insurance company that it was withdrawing the claim for insurance benefits and withdrawing from the arbitration, without prejudice to reasserting the claim at some later time. *Id.* at 104-105. The court held that there was no case or controversy in the declaratory judgment action because the insured had withdrawn from arbitration, meaning there was no longer an active dispute. *Id.* at 106. The court distinguished the case from those in which the defendants voluntarily ceased activities that they could later resume on the basis that the activity at issue in *Ormstrom* was legal, whereas the activities that defendants voluntarily ceased in the other cases were "wrong[s]" or "illegal conduct." *Id.* (*discussing United States v. W.T. Grant Co.*, 345 U.S. 629 (1953); *Walling v. Helmerich and Payne*, 323 U.S. 37 (1944); and *County of Los Angeles v. Davis*, 440 U.S. 625 (1979).)

In *Unigard*, the insurance company filed an action for declaratory relief to establish that it had no duty to indemnify or defend the insured in an underlying lawsuit. 2001 WL 432396, at *1. At some point during the proceedings, the insured notified the insurance company that it would withdraw its tender for coverage, and moved for dismissal based on mootness. *Id.* Even though the underlying lawsuit in that case was ongoing, and the insured had not waived its right to pursue a future claim for insurance benefits related to the suit, the court still held that the declaratory judgment action was moot:

> The underlying dispute . . . has not been resolved, and [the insured] has not permanently withdrawn its claim for benefits under the Policy. Nonetheless, there is no certainty that [the insured] will ever resubmit its claim to [the insurance company] . . . Accordingly, "a case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur." There is no dispute between [the insured] and [the insurance company] unless and until [the insured] resubmits a claim on the . . . policy. This may never occur.

*Id.* at *2 (*quoting Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985).)

Notably, AISLIC doesn't address either *Ormstrom* or *Unigard*, and it points to no insurance case where a court concluded that there was a controversy when the insured party was not, at the time, seeking any contribution or coverage from the insurer. It does point to a line of cases suggesting that, when defendants voluntarily discontinued the challenged activity, the defendants carry a "heavy burden to establish mootness . . . because otherwise they would simply be free to 'return to [their] old ways' after the threat of a lawsuit had passed," which is somewhat applicable here. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72 (1983) (*quoting W.T. Grant Co.*, 345 U.S. at 632). And much authority does suggest that unilateral actions by a defendant to render an action moot should be viewed with suspicion. *See Heckler*, 464 U.S. at 72 and *W.T. Grant Co.*, 345 U.S. at 632. Still, the Court is not inclined to second guess the reasoning of the court in *Ormstrom*, which distinguished claims for insurance that could be withdrawn and reasserted from a "wrong" that could be resumed, or *Unigard*, which dismissed a case for mootness in nearly identical circumstances.

The Court certainly understands where AISLIC is coming from. AISLIC brought this lawsuit to establish its obligations to Pacifica pertaining to the HOA's state court action, and it now fears that Pacifica will simply tender a claim for coverage for the settlement with the HOA under the policy in the future. This dispute is not resolved, AISLIC reasons, because Pacifica has not released its claim to insurance benefits related to the settlement of the state court action, and it is unclear whether matters within the settlement that may have been covered by the insurance policy surpass $2 million, thus triggering obligations from AISLIC.[2] Indeed, AISLIC suspects that Pacifica wants this action dismissed so that it can "refile this very lawsuit elsewhere, to forum shop . . . and indeed to threaten AISLIC with bad-faith (sic)

---

[2] Specifically, AISLIC contends that it is still disputed (a) whether the claims in the Underlying Action for deterioration and aging of property are an "occurrence" within the terms of the Policy, (b) whether the property damage claimed in the Underlying Action predated the Policy, (c) when an "occurrence" within the meaning of the Policy begins "when damage is first commenced" so that resulting loss predates the Policy, (d) whether Pacifica was aware of any property damage before the Policy period, (e) whether the claims in the Underlying Action fit within the Policy exceptions in Endorsement 22, and (f) whether nondisclosure of defects constitutes an "occurrence" within the policy. (Opposition, Dkt. No. 48 at 2-3.)

if AISLIC does not defend future lawsuits." (Dkt. No. 48 at 3-4).

But the bottom line is that Pacifica is not pursuing insurance coverage now. AISLIC filed this declaratory judgment action because Pacifica had tendered the state court action under the insurance policy. As things stand, the issue of whether the Policy entitles Pacifica to any insurance benefits for the Settlement is an abstract legal question, and presents no actual controversy over which this Court has jurisdiction. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998). Dismissing this action creates an opportunity for Pacifica to select other forums in which to sue, sure, but at this point, future lawsuits are pure speculation. Withdrawal may allow Pacifica an easy way out of a declaratory judgment dispute, but it does not allow it to avoid legal process altogether. Ultimately, if the insured and insurer have opposing views on whether something is covered by an insurance policy, they will resolve the dispute through legal process.

The Declaratory Judgment Act does not give parties an "absolute right to a legal determination." *United States v. State of Wash.*, 759 F.2d 1353, 1356 (9th Cir. 1985) (en banc) (citations omitted). Rather, a court may exercise its discretion in deciding whether to grant declaratory relief. *State of Wash.*, 759 F.2d at 1356. The Court exercises its discretion to decline to hear this case because Pacifica has withdrawn its tender of the HOA's lawsuit against it.

This case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

DATED:  June 20, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge